**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-CV-25445-DPG

**EDUARDO PUNALES
and DANIA PUNALES,**

      Plaintiffs,
 v.

**HARTFORD INSURANCE COMPANY
OF THE MIDWEST,**

      Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs', Eduardo and Dania Punales, Motion to Remand (the "Motion"), filed on January 26, 2019. [ECF No. 4]. The Court has considered the Motion and the record and is otherwise fully advised. Because the Court agrees that Defendant's Notice of Removal was untimely, the Motion is granted.

## BACKGROUND

According to allegations set forth in the Complaint [ECF No. 1-2] and Notice of Removal [ECF No. 1], Plaintiffs had an insurance policy with Defendant that provided coverage for damages to Plaintiffs' residence (the "Policy"). In September of 2017, Plaintiffs' residence was damaged by Hurricane Irma. Defendant partially denied coverage under the Policy.

On January 30, 2018, Plaintiff filed a breach of insurance contract action and petition for declaratory relief against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint did not claim a specific amount of damages, instead stating "this is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, attorney fees and costs . . . ." [ECF No. 1-2].

The parties proceeded to litigate the case. On May 22, 2018, Plaintiffs sent Defendant an email titled "Eduardo & Dania Punales v Hartford | OFFER TO SETTLE/DEMAND" (the "Settlement Offer") which attached a 28-page estimate, prepared by Barba Public Adjusters, of itemized potential damages to Plaintiffs' property (the "Estimate"). [ECF No. 4-3]. The Estimate totaled $119,941.00. [*Id.* at 2–29]. On September 4, 2018, Plaintiffs responded to Defendant's interrogatories, one of which had requested that Plaintiffs state the amount of damages they claimed (the "Interrogatory Answer"). [ECF No. 4-2]. Plaintiffs repeatedly answered, "Please see Plaintiffs' Response to Defendant's Request for Production pursuant to Fla.R.Civ.P.1.280(c) [sic]." [*Id.* at 6–7]. On September 5, 2018, Plaintiffs responded to Defendant's Requests for Production by referring to and attaching the Estimate (the "Response to Request for Production"). [ECF No. 4-1]. On November 30, 2018, Mrs. Punales stipulated in her deposition that Plaintiffs were relying on the Estimate as a figure for damages and that certain line items in the Estimate, totaling $12,642.00, were no longer sought. [ECF No. 1-5, at 4].

Only then, on December 27, 2018, did Defendant file its Notice of Removal. Defendant attached Mrs. Punales's deposition testimony and the Estimate to support its contention that removal was proper. Plaintiffs timely filed their Motion to Remand, arguing that removal was untimely and attaching their Response to Request for Production, Interrogatory Answer, and Settlement Offer.

## LEGAL STANDARD

"[A] defendant who seeks to remove a case to federal court must timely file in the federal court a notice of removal and a 'short and plain statement of the grounds for removal.'" *Goldstein v. GFS Market Realty Four, LLC*, No. 16-60956, 2016 WL 5215024, at *3 (S.D. Fla. Sept. 21, 2016) (quoting 28 U.S.C. § 1446(a)). 28 U.S.C. Section 1446(b) governs the timeliness of removal,

2

including for actions that later become removable by virtue of filing or service of "an amended pleading, motion, order[,] or other paper . . . ." 28 U.S.C. § 1446(b)(3). In such cases, "[t]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 763 (11th Cir. 2010) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007)).

Under Section 1446(b)(3), "[a] district court may consider . . . any later received paper from the plaintiff . . . when deciding upon a motion to remand." *Gannon Int'l, Ltd. v. U.S. Fire Ins. Co.*, No. 10-24589, 2011 WL 13100239, at *2 (S.D. Fla. Apr. 27, 2011) (citing *Lowery*, 483 F.3d at 1213–14). Courts should only consider the "limited universe of evidence available when the motion to remand is filed" when evaluating whether removal was proper under Section 1446(b). *Lowery*, 483 F.3d at 1214. "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214–15.

## DISCUSSION

Plaintiffs argue that the $119,941.00 Estimate referenced in their Settlement Offer (dated May 22, 2018), Interrogatory Answer (dated September 4, 2018), and Response to Request for Production (dated September 5, 2018) gave Defendant knowledge that the amount in controversy exceeded $75,000.00, consequently triggering Section 1446(b)(3)'s thirty-day clock for removal and rendering Defendant's Removal (dated December 27, 2018) untimely. Therefore, the sole issue here is whether Plaintiffs' Estimate and corresponding communications began the thirty-day clock for Defendant's Removal.

Section 1446(b)(3) provides that if the case stated by the initial pleading is not removable, the clock begins "when three conditions are present: there must be (1) 'an amended pleading,

motion, order or *other paper*,' which (2) the defendant must have received *from the plaintiff* . . . and from which (3) the defendant can 'first […] ascertain' that federal jurisdiction exists.'" *Goldstein*, 2016 WL 5215024, at \*7 (emphasis added and alteration in original) (quoting *Lowery*, 483 F.3d at 1213 n.63). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Wilson v. Target Corp.*, No. 10-80451, 2010 WL 3632794, at \*2 (S.D. Fla. Sept. 14, 2010) (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)).

A post-suit settlement offer is considered an "other paper" that provides evidence of the amount in controversy if it is supported by specific information detailing from where the requested damages arise. *Compare Mitzelfeld v. Safeco Ins. Co. of Illinois*, No. 15-80381, 2015 WL 11348283, at \*1 (S.D. Fla. May 22, 2015) (finding that a settlement demand held more weight in evaluating an amount in controversy when it "went into great detail as to Plaintiff's damages, including surgery and a finding of permanent disability after the accident"); *with Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (remanding case because plaintiff's settlement offer "simply demand[ed] '[l]ump sum payment of $155,000.00' without the slightest suggestion how in the world the plaintiffs could support such a figure").

This Court has routinely found that estimates prepared by public adjusters provide that specific information. For example, in *ABC University Shops, LLC v. Scottsdale Ins. Co.*, this Court concluded that a plaintiff's public adjuster's estimate of $816,318.92 established that the amount in controversy exceeded $75,000.00 because it "delineate[d] in line-item form the various losses and damages sustained." No. 18-60562, 2018 WL 3672265, at \*5–6 (S.D. Fla. July 24, 2018); *see also Perez-Malo v. First Liberty Ins. Co.*, No. 17-21180, 2017 WL 7731958, at \*3 (S.D. Fla. June

8, 2017) (collecting cases holding that a public adjuster estimate provides specific information satisfying the amount in controversy).

Here, the Court finds that the Estimate provided in Plaintiffs' Settlement Offer on May 22, 2018, triggered the thirty-day clock for Defendant's removal. The Estimate was prepared by a public adjuster and totaled $119,941.00—an amount significantly higher than the required $75,000.00 for removal.[1] The Estimate also provided 28 pages of specific and detailed information about damages to the residence in line-item form.[2] *See Perez-Malo*, 2017 WL 7731958, at *3 ("The Court finds that the repair estimate is an honest assessment of damages by Plaintiff because it was prepared by Plaintiff's public adjuster and reflects specific information to support Plaintiff's claim for damages rather than 'puffing and posturing.'") (internal quotations and citations omitted). Accordingly, Defendant's receipt of the Estimate in May of 2018 sufficed to establish grounds for removal.

---

[1] Defendant argues that the Estimate is unreliable because public adjuster estimates are frequently exaggerated. However, "[t]he time period to remove an action cannot depend on [a] defendant's actual knowledge, because the statute expressly allows a defendant to rely on *papers* presented to it." *Field v. Nat'l Life Ins. Co.*, No. 8:00-CV-989, 2001 WL 77101, at *9 (M.D. Fla. June 21, 2001) (quoting *Jong v. Gen. Motors Corp.*, 359 F. Supp. 223, 226 (N.D. Cal. 1973)) (emphasis in original). Defendant had no basis to assume from Plaintiff's communications that the Estimate was unreliable.

[2] Defendant also argues that Plaintiffs' Estimate is unreliable because Mrs. Punales's deposition testimony revealed that two losses presented in the Estimate (specifically, $6,000.00 for additional living expenses and $6,642.00 for the replacement of a fence—a total of $12,642.00) were no longer being included in Plaintiffs' request for damages. [ECF No. 1-5]. But nothing in the record indicates that these losses were not included at the time the Settlement Offer was sent, months before her deposition, or at the time discovery was propounded. And "[n]othing in *Lowery* says a district court must suspend reality or shelve common sense in determining whether the face of a . . . document establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)). Moreover, "[a]ttorney's fees as calculated at the time of removal may be included in the amount in controversy." *Coopersmith v. Scottsdale Ins. Co.*, No. 18-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019). Even assuming the reduction of $12,642.00 to the $119,941.00 Estimate, the amount in controversy still fell far above the threshold at the time the initial communications about the Estimate were sent.

5

Plaintiffs' Interrogatory Answer provided a second trigger for Defendant's thirty-day clock. Interrogatory answers qualify as "other paper[s]" under Section 1446(b)(3). *See Lowery*, 483 F.3d at 1212 n.62 (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)). Moreover, they can be considered alongside settlement offers when evaluating an amount in controversy. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (noting that the combination of an interrogatory answer and a demand letter "can persuade the court that the demand letter was 'an honest assessment of damages.'" (quoting *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998))). Here, Plaintiffs' Interrogatory Answer directed Defendant to Plaintiffs' Response to Request for Production, which in turn attached the same Estimate presented in the Settlement Offer. At that point, Defendant had been noticed—twice prior to the deposition—that Plaintiffs sought damages exceeding $75,000.00.

Despite this, Defendant's Removal occurred 219 days after Plaintiffs' Settlement Offer, 114 days after Plaintiffs' Interrogatory Answer, and 113 days after Plaintiffs' Response to Request for Production. Accordingly, the Court finds the Notice of Removal untimely and agrees that remand is appropriate.

* * *

The Court has also considered whether Plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Galbis v. Praetorian Ins. Co.*, No. 18-23144, 2018 WL 5918911, at *3 (S.D. Fla. Nov. 13, 2018) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Defendant's position, that this case was removable only after obtaining further confirmation via deposition testimony that the amount

in controversy was met, was not objectively unreasonable. Plaintiffs' request for attorney's fees and costs is therefore denied.

## **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [ECF No. 4] is **GRANTED**. This action shall be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE